# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DANIEL JAMES KENNEDY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES RUBEN BEDGOOD, et al.,<br><br>Defendants. | Case No. 15-cv-01404-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Docket No. 41 |

For the reasons stated on the record during the December 20, 2016 hearing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Judgment on the Pleadings (Docket No. 41). This order is intended to memorialize and supplement that ruling.

As indicated at the hearing, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings as to Defendant Bedgood with respect to Plaintiff's Bane Act claim, but **DENIES** the motion with respect to all other claims. With respect to Plaintiff's § 1983 excessive force claim, Defendants did not carry their burden of proving that Plaintiff's *nolo contendere* plea to a charge of resisting arrest under Cal. Penal Code § 69 was based on facts inherently inconsistent with an excessive force claim. That claim is therefore not, at least at this stage, barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Yount v. City of Sacramento*, 43 Cal. 4th 885, 899 (2008); *Hooper v. Cty. of San Diego*, 629 F.3d 1127, 1132 (9th Cir. 2011). Because the California Supreme Court has explained that "*Heck* and California law express similar concerns about judicial economy and the avoidance of conflicting resolutions," *Yount*, 43 Cal. 4th at 902, the Court **DENIES** Defendants' motion with respect to Plaintiff's § 1983 claims and all state claims other than the Bane Act claim. To the extent that Plaintiff's claim is based on allegations that Bedgood, along with the other officers present, continued to assault Plaintiff *even after* he was

arrested, *cf. Rodriguez v. City of Modesto*, 535 F. App'x 643, 644-45 (9th Cir. 2013), the allegations in the Complaint are too conclusory. *See* Docket No. 1 ("Compl.") ¶ 26. Plaintiff may amend his Complaint to add additional detail regarding precisely what actions each remaining defendant herein took after Plaintiff had been handcuffed.

With respect to the Bane Act claim, Plaintiff makes no "showing of coercion independent from the coercion inherent" in his excessive force claim. *Shoyoye v. Cty. of Los Angeles*, 203 Cal. App. 4th 947, 959 (2012). The Court therefore **GRANTS** Defendants' motion with respect to the Bane Act claim only. Plaintiff may amend the complaint within 20 days to make the requisite showing.

This order disposes of Docket No. 41.

**IT IS SO ORDERED**.

Dated: December 21, 2016

_____
EDWARD M. CHEN
United States District Judge